**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DAVID R. SMITH, | No. 20-17238 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-00647-BLF |
| v. | |
| COUNTY OF SANTA CRUZ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted June 21, 2022[**]

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

David Smith appeals from the district court's dismissal of the civil rights

claims he alleged against the Santa Cruz County defendants. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We review the dismissal de novo, *see Cervantes v.*

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011), and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court had the discretion to take judicial notice of public records and documents referenced in the complaint, and doing so did not convert the Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (setting forth the standard of review and explaining which documents the court may consider when ruling on a motion to dismiss).

The district court properly dismissed the equal protection "class of one" claim. Smith failed to allege sufficient facts to establish that he was treated differently from other similarly situated property owners who violated the county codes or that there was no rational basis for different treatment. *See Gerhart v. Lake Cnty., Mont.,* 637 F.3d 1013, 1022 (9th Cir. 2011) (setting forth the elements of a "class of one" equal protection claim).

Smith failed to allege facts to establish a plausible California separation of powers claim by alleging that the county supervisor defendants urged other county defendants to enforce the county code as written. *See In re Rosenkrantz*, 59 P.3d 174, 208 (Cal. 2002) (to violate the separation of powers doctrine, the action must "defeat or materially impair the inherent functions of another branch."); *Carmel Valley Fire Prot. Dist. v. State*, 20 P.3d 533, 538 (Cal. 2001) (the separation of

powers doctrine "permits actions of one branch that may significantly affect those of another branch.") (internal quotation marks omitted).

Dismissal of the retaliation claim was proper.  Smith failed to allege facts to establish that retaliation was a but-for cause of the final code citation.  *See Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (setting forth the elements of a First Amendment retaliation claim).

The district court did not abuse its discretion by dismissing without leave to amend.  The court may deny leave to amend if amendment would be futile. *Cervantes,* 656 F.3d at 1041.  The court also has "particularly broad" discretion to deny leave to amend where a plaintiff has already had an opportunity to amend. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

**AFFIRMED.**